```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
                                                     :
  NARINE LALL,                                       :
                                                     :       24-CV-5508 (JMF)
                              Plaintiff,             :
                                                     :
                 -v-                                 :       MEMORANDUM
                                                     :       OPINION AND ORDER
  NEW YORK HOUSING AUTHORITY,                        :
                                                     :
                              Defendant.             :
                                                     :
---------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

Plaintiff Narine Lall, proceeding without counsel, filed this case against his former employer, Defendant New York City Housing Authority ("NYCHA"), alleging employment discrimination and retaliation claims in violation of federal, state, and local law.  *See* ECF No. 1 ("Compl."); ECF No. 16 ("Am. Compl.").  In general, to pursue a claim under the federal statutes at issue here, a plaintiff must file a complaint within ninety days of receiving a right-to-sue letter from the U.S. Equal Employment Opportunity Commission ("EEOC").  *See, e.g.*, 42 U.S.C. § 2000e-5(f)(1); 29 U.S.C. § 626(e); *Scott v. New York City Transit Auth.*, No. 23-CV-9318 (DEH), 2024 WL 3429427, at *3 (S.D.N.Y. July 16, 2024).  Lall, however, filed the case on July 17, 2024, ninety-nine days after the EEOC issued (and he received) a right-to-sue letter and ninety-one days after the Department of Justice emailed him a second right to sue letter.  *See* Compl. 8; ECF Nos. 19-1, 19-2.[1]  On that basis, NYCHA moves, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss Lall's claims.  *See* ECF No. 18.

---

[1]    The citation to the Complaint is to the page number automatically generated by the Court's Electronic Case Filing ("ECF") system.

NYCHA's motion must be and is granted. "Although *pro se* plaintiffs are entitled to leniency in other areas of litigation, the case law is clear: The 90-day deadline is strictly enforced against represented and *pro se* plaintiffs alike. If a *pro se* plaintiff misses her deadline by a few days, or even one day, her action must be dismissed as untimely." *Perez v. Mason Tenders Dist. Council Tr. Funds*, No. 17-CV-1022 (PAE) (AJP), 2017 WL 5125542, at *3 (S.D.N.Y. Nov. 1, 2017), *aff'd*, 742 Fed. App'x 584 (2d Cir. 2018) (summary order); *see Johnson v. Al Tech Specialties Steel Corp.*, 731 F.2d 143, 146 (2d Cir. 1984). Notably, Lall does not dispute that he missed the ninety-day deadline.[2] Instead, he contends that his federal claims should be deemed timely because he is entitled to equitable tolling. *See* ECF No. 27, at 1-2. Specifically, he proffers two grounds for equitable tolling: first, he avers that, "[o]n the last day permissible for filing," he "received a phone call" from the EEOC "instruct[ing] [him] to file [his] lawsuit promptly, and [he] did so in reliance on their advice"; and second, he asserts that, "[u]pon filing, the court confirmed that [his] complaint was within the statutory 90-day period." *Id.* at 1.

"Equitable tolling is only appropriate in rare and exceptional circumstances in which a party is prevented in some extraordinary way from exercising his rights." *Zerilli-Edelglass v. New York City Transit Auth.*, 333 F.3d 74, 80 (2d Cir. 2003) (cleaned up). More specifically, "[w]hen determining whether equitable tolling is applicable, a district court must consider whether the person seeking application of the equitable tolling doctrine (1) has acted with reasonable diligence during the time period she seeks to have tolled, and (2) has proved that the circumstances are so extraordinary that the doctrine should apply." *Id.* at 80-81 (internal

---

[2]  That is true even if the ninety days ran from the second right-to-sue letter, as it was emailed rather than sent by regular mail. *See, e.g.*, *Jacobs v. Walmart Inc.*, No. CV RDB-22-2666, 2023 WL 4532822, at *5 & n.3 (D. Md. July 13, 2023) (holding that when a right-to-sue letter is sent by email rather than regular mail, "the filing period is triggered when an email with a right-to-sue letter arrives in the complainant's inbox" (citing cases)).

quotation marks omitted). Neither of the grounds proffered by Lall, even if true, meets these demanding standards. First, Lall provides no explanation for his failure to file in the nearly ninety days *before* he allegedly spoke with a representative of the EEOC by telephone. Moreover, the telephone call occurred "[o]n the last day permissible for filing," and he does not allege that the EEOC gave him incorrect information about the deadline or permission to file late. *Cf. Johnson*, 731 F.2d at 146 (acknowledging that erroneous advice from the EEOC, "when substantiated," can justify equitable tolling but affirming the district court's rejection of equitable tolling because the plaintiff, like Lall here, did not "attest to his version of the facts in an affidavit"). And even then, he could have immediately filed and met the deadline. Second, the Court is not aware of any "confirmation" it gave Lall that his lawsuit had been timely filed. But in any event, any such confirmation could not justify Lall's late filing because it occurred, by definition, after the fact and thus would have no bearing on whether Lall "acted with reasonable diligence during the time period [he] seeks to have tolled." *Zerilli-Edelglass*, 333 F.3d at 80.

Accordingly, Lall's federal claims must be and are dismissed as untimely. *See, e.g.*, *Tiberio v. Allergy Asthma Immunology of Rochester*, 664 F.3d 35, 38 (2d Cir. 2011) (affirming dismissal where the plaintiff filed her complaint ninety-three days after receipt of the right-to-sue letter); *see also, e.g.*, *Eaves v. Levitt-Fuirst Assocs., Ltd.*, No. 22-CV-5525 (JMA) (SIL), 2023 WL 3434987, at *3 (E.D.N.Y. May 12, 2023) (dismissing Title VII claims where the plaintiff filed the complaint at least two days after the deadline); *Rivera v. Children's & Women's Physicians of Westchester, LLP*, No. 16-CV-714, 2017 WL 1065490, at *10 (S.D.N.Y. Mar. 18, 2017) (same); *Glover v. Fed'n of Multicultural Programs*, No. 14-CV-4006 (KAM) (LB), 2015 WL 4600645, at *7 (E.D.N.Y. July 29, 2015) (same where the plaintiff filed "one day late"). Further, the Court declines to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367

3

over Lall's claims under state and local law. It is well established that, "[i]n general, where the federal claims are dismissed before trial, the state claims should be dismissed as well." *Marcus v. AT&T Corp.*, 138 F.3d 46, 57 (2d Cir. 1998). Here, there is no basis to depart from that general rule given, among other things, the relatively early stage of the case. *See, e.g.*, *Hurckes v. JPMorgan Chase Bank, N.A.*, No. 22-CV-4616 (JMF), 2023 WL 2664080, at *3 (S.D.N.Y. Mar. 28, 2023).

For these reasons, NYCHA's motion to dismiss is GRANTED, and Lall's claims are DISMISSED, without prejudice to refiling his state and local claims in state court. **The Clerk of Court is directed to terminate ECF Nos. 18 and 27, to enter judgment in NYCHA's favor consistent with this Memorandum Opinion and Order, and to close the case.**

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Memorandum Opinion and Order would not be taken in good faith, and *in forma pauperis* status is thus denied. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: December 3, 2024
New York, New York

JESSE M. FURMAN
United States District Judge